UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DISTRICT 1199C, NAT'L UNION OF HOSPITAL AND HEALTH CARE EMPLOYEES, AFSCME, AFL-CIO,<br><br>        Plaintiff,<br><br>        v.<br><br>GENESIS HEALTHCARE d/b/a COOPER RIVER WEST,<br><br>        Defendant. | Civil Action No.<br>**08-1791 (NLH)**<br><br><br>**OPINION** |

**Appearances**:
Lance Michael Geren
FREEDMAN & LORRY, P.C.
1601 Market Street
2nd Floor
Philadelphia, PA 19103
*Attorney for Plaintiff*


Mark Edward Seiberling
CONRAD, O'BRIEN, GELLMAN & ROHN, P.C.
1515 Market Street
16th Floor
Philadelphia, PA 19102
*Attorney for Defendant*


**HILLMAN, District Judge**

    Plaintiff petitioned this Court seeking confirmation and enforcement of an arbitral award issued by the American Arbitration Association.  Presently before the Court are

Page 1

Defendant's Motion to Dismiss and to Compel Arbitration, and Plaintiff's Cross-Motion for Summary Judgment. Defendant has moved for attorneys' fees.

This Court holds that the arbitral award is too ambiguous to be judicially enforceable. Defendant's motion to compel arbitration on the issue of damages is therefore granted. In keeping with the complete arbitration rule, Defendant's motion to dismiss this action in its entirety is also granted. The action is dismissed without prejudice. Plaintiff's cross-motion for summary judgment is therefore denied.[1] All applications for attorneys' fees are denied.

## **JURISDICTION**

As this action was filed pursuant to the Taft-Hartley Act, § 301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, this Court has jurisdiction under 28 U.S.C. § 1331.

---

[1] Despite denying Plaintiff's cross-motion for summary judgment as a consequence of having dismissed the action in its entirety, this Court feels compelled to note that Plaintiff's cross-motion for summary judgment would also have been dismissed for failure to comply with L. Civ. R. 56.1(a). As recently amended, this rule requires a party moving for summary judgment to provide a statement of material facts to which there is no genuine issue. Any motion for summary judgment unaccompanied by such a statement will be summarily dismissed. See L. Civ. R. 56.1(a).

## BACKGROUND

Plaintiff District 1199C, National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO ("Union") is a labor organization representing hospital and healthcare employees. Defendant Genesis Healthcare d/b/a Cooper River West ("Genesis") is a healthcare employer. Union and Genesis are parties to a collective bargaining agreement ("CBA"). The CBA covers a bargaining unit of nurses employed by Genesis, including Melody Moton ("Moton").

On October 11, 2006, Moton was terminated for cause. The Union contested her termination and initiated the grievance procedure set forth in Article 21 of the CBA. When this did not produce the desired result, the Union initiated arbitration proceedings pursuant to Article 22 of the CBA. The arbitration was held before Arbitrator Timothy Brown, Esq. ("Arbitrator Brown") of the American Arbitration Association ("AAA").

On November 14, 2007, Arbitrator Brown issued a decision and order in favor of the Union. The order reads:

> The subject grievance is granted. The termination of Grievant Melody Moten [sic] was in violation of the Collective Bargaining Agreement. The Employer is required to promptly offer Grievant reinstated to a permanent position substantially equal to the one she last held, make Grievant whole for her losses including benefits and back pay and expunge any and all records of Grievant's termination from its disciplinary files. Said offer of reinstatement shall be in writing with a copy to the Union

>    and shall include a starting date of no more than ten (10) calendar days from the date of the offer.
>        Back pay shall run from the period Grievant was taken off disability in or about March 2007 to the date of the Employer's bona fide offer of reinstatement and shall be reduced by any unemployment benefits or wages received by Grievant during such period.
>        The Arbitrator's jurisdiction over this matter is retained (1) for a period of sixty days after the date of the attached Award and (2) only for purposes of determining remedy related issues.

(Order, AAA Case No. 14 300 01876 06).  Shortly after this order was issued, Genesis reinstated Moton and began corresponding with the Union regarding the calculation of back pay and benefits to be paid.

However, after an exchange of approximately a dozen letters between counsel for the Union and Genesis, the parties were unable to agree on the proper calculation of back pay and benefits to be paid in fulfillment of the "make whole" remedy. Additionally, Genesis contended that the make whole remedy should be reduced because Moton failed to mitigate damages by earnestly seeking work; Union countered that the issue of mitigation had already been addressed by the arbitrator.  Genesis suggested twice that the matter be brought before an arbitrator.  However, the Union ignored this suggestion, and filed suit in this Court to confirm and enforce the arbitrator's award.  Genesis

Page 4

thereafter filed a motion to dismiss and to compel arbitration, and the Union responded with a motion for summary judgment.

## **DISCUSSION**

The Union has petitioned this Court both to confirm and to enforce the arbitral award against Genesis.  Genesis argues that the arbitral award is too vague to be enforced and thus must be remanded to the arbitrator for clarification; Genesis further argues that if this Court remands on the issue of damages, the complete arbitration rule requires that Union's petition be dismissed in its entirety.  The Union counters that the award is sufficiently definite to be judicially enforceable and that Genesis has challenged the award's validity, thus necessitating the filing of the current action.

I.  <u>Enforceability of the Arbitral Award</u>

The first issue before the Court is whether the make-whole relief granted by the arbitrator is sufficiently definite to be enforceable in this Court.  A district court may enforce the damages portion of an arbitral award if such enforcement would simply call for a ministerial calculation.  See <u>Hart v. Overseas Nat'l Airways, Inc.</u>, 541 F.2d 386, 391 (3d Cir. 1976).  However,

if the damages award is too ambiguous, the district court cannot enforce it.  In such a case, the damages portion of the award must be remanded to the arbitrator for clarification.  Id.

In Hart, the Third Circuit affirmed the district court's determination that an arbitral award ordering make-whole relief was too indefinite to be judicially enforceable.  The employee in that case had been wrongfully discharged, and the arbitrator awarded make-whole relief.  However, the arbitrator did not address whether injuries the employee had sustained might have prevented him from working.  This rendered the award of make-whole relief too vague to be judicially enforceable.  Id.

The award issued in this case is similarly unenforceable.  A major point of dispute between the parties is how make-whole relief should be calculated, given Moton's work history.  The Union contends that Moton should be compensated as if she would have worked 40 hours per week for the entire time period in question, taking no vacation or sick days.  Genesis counters that Moton's history indicates that she would not have worked 40 hours per week, and that she thus should be compensated using her average weekly work hours over the past three years.

This Court has no means of ascertaining the arbitrator's intended method of calculation in ordering make-whole relief.  It

Page 6

is possible that the arbitrator intended one of the methods of calculation proposed by the parties.  It is also possible that upon remand, the arbitrator would explain that he intended another method of calculation.  Regardless, this determination should be made by the arbitrator and not by this Court.  After all, it is the arbitrator's interpretation of his award, and not this Court's, that the parties bargained for in the CBA.

Although Union contends that the matter of damages cannot be remanded to the arbitrator under the doctrine of functus officio, this argument is without merit.  The Third Circuit has explained the limits of functus officio in the labor context thusly:

> The arbitrator's award is not, as a rule, open to remand. Instead, the applicable principle is that "once an arbitrator has made and published a final award his authority is exhausted and he is functus officio and can do nothing more in regard to the subject matter of the arbitration." McClatchy Newspapers v. Central Valley Typographical Union, 686 F.2d 731, 734 (9th Cir. 1982), quoting La Vale Plaza, Inc. v. R.S. Noonan, Inc., 378 F.2d 569, 572 (3d Cir. 1967).  However, as to any issue that has been submitted, but has not been adjudicated, the issue remains open to the arbitrator for subsequent determination. La Vale, supra, 378 F.2d at 573.  Thus a court will not enforce an incomplete award under LMRA § 301.  United Mine Workers v. Barnes & Tucker Co., 561 F.2d 1093 (3d Cir. 1977).  Where the award constitutes only a partial resolution of the issues, remand is appropriate. Hanford Atomic Metal Trades Council v. General Electric Co., 353 F.2d 302 (9th Cir. 1966); cf. Public Service Elec. & Gas Co. v. System Council U-2, International Brotherhood of Electrical Workers, 703 F.2d 68 (3d Cir. 1983)(remand to arbitrator where failure to complete resolution of submitted

> issue deprives court of jurisdiction).  Similarly, where an award generates a collateral dispute about its scope or application, the question of whether the award will be enforced is for the arbitrator and not the court.  <u>United Mine Workers v. Consolidation Coal Co.</u>, 666 F.2d 806 (3d Cir. 1981).
> 
> The sum of these principles is that there is nothing that prevents a remand for reconsideration of an issue that was <u>not</u> decided by the arbitrator, or that requires clarification or further arbitral attention in order for the court to enforce the award.

<u>Teamsters Union Local No. 115 v. DeSoto, Inc.</u>, 725 F.2d 931, 940 (3d Cir. 1984).

Applying these principles to the case at hand, the arbitrator is not barred from clarifying his award of make whole relief with respect to the proper calculation of back pay and benefits.[2]  The doctrine of <u>functus</u> <u>officio</u> thus does not bar the grant of Genesis's motion to compel arbitration.

The Union also opposes remand on the theory that Genesis did not timely seek clarification of the award from the arbitrator.  This argument is utterly without merit.  As a factual matter, Genesis proposed that the parties return to the arbitrator on

---

[2] The Court notes Union's argument that the doctrine of <u>functus</u> <u>officio</u> prevents the arbitrator from addressing the issue of mitigation upon remand.  However, this Court declines to rule on the merits of this argument given the incompleteness of the record supplied.  Additionally, the spirit of the complete arbitration rule (discussed <u>infra</u>) counsels against this Court's issuance of any unnecessary rulings once the decision to remand has been made.

December 21, 2007, <u>before</u> the arbitrator's 60-day retention of jurisdiction expired on January 13, 2008; the Union failed even to respond to this request until January 17, 2008.  As a legal matter, the idea that this Court should enforce an unenforceable award to punish a party's delay is untenable.

Because this Court finds the arbitral award too ambiguous to be judicially unenforceable, Genesis's motion to compel arbitration on the issue of damages is granted.  Having decided to remand this matter to the arbitrator on the issue of damages, we must now determine whether Union's petition should be dismissed in its entirety under the complete arbitration rule.

II.  <u>The Complete Arbitration Rule</u>

Under the "complete arbitration" rule, an arbitration must be complete in all respects before a district court may hear an action brought pursuant to § 301 of the LMRA.  <u>Union Switch & Signal Division American Standard, Inc. v. United Electrical, Radio and Machine Workers of America, Local 610</u>, 900 F.2d 608, 614 (3d Cir. 1990).  The purpose behind the complete arbitration rule is to prevent the "fragmented litigation" that would often occur if the district court were to entertain petitions regarding incomplete arbitrations.  <u>Id.</u> at 611.  Indeed, such fragmented

litigation could result in this case if the Court were to remand on the issue of damages without also dismissing Union's petition to confirm the arbitral award.

Because this Court has decided that the issue of damages must be remanded to the arbitrator for clarification, the complete arbitration rule mandates that this action be dismissed in its entirety.  Genesis's motion to dismiss this action and compel arbitration is therefore granted.  This action is dismissed without prejudice.

III.  Attorney's Fees

Genesis has requested that this Court order Union to pay the attorneys' fees incurred from this action.  The Court notes that Genesis has not supplied any basis in law for this request. However, it appears that Genesis seeks attorneys' fees pursuant to 28 U.S.C. § 1927.

Attorney's fees may be awarded pursuant to § 1927 if the opposing attorney "multiplies the proceedings in any case unreasonably and vexatiously."  28 U.S.C. § 1927.  Such an award requires a finding of "willful bad faith."  Hackman v. Valley Fair, 932 F.2d 239, 242 (3d Cir. 1991)(citing Ford v. Temple Hospital, 790 F.2d 342, 347 (3d Cir. 1986).  Attorney's fees

should be imposed pursuant to § 1927 "only in instances of a studied and serious disregard for the orderly process of justice." Id. (citing Overnite Transportation Co. v. Chicago Industrial Tire Co., 697 F.2d 789, 795 (7th Cir. 1983)(quoting Kiefel v. Las Vegas Hacienda, Inc., 404 F.2d 1163, 1167 (7th Cir. 1968), cert. denied, 395 U.S. 908, 89 S.Ct. 1750, 23 L.Ed.2d 221 (1969).

The record does not support a finding of such willful bad faith on the part of any attorney. Therefore, Genesis's request for attorneys' fees is denied.

## CONCLUSION

Defendant's motion to compel arbitration and dismiss the complaint is granted. Plaintiff's cross-motion for summary judgment is denied. The parties are ordered to return to the arbitrator for clarification of the award. The complaint is dismissed without prejudice. Defendant's request for attorneys' fees is denied.

/s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

At Camden, NJ